UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

REGINALD LEWIS,

                                 Plaintiff,

            -against-

CITY OF NEW YORK, UNDERCOVER OFFICER
UC 0114, Individually, JOHN SCOLLO, Individually,
THOMAS WOODS, Individually, MICHAEL SMYTH,
Individually, JODI BROWN, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are
presently unknown),

                                 Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

Plaintiff REGINALD LEWIS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff REGINALD LEWIS is a twenty-nine-year-old resident of the Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, UNDERCOVER OFFICER UC 0114, JOHN SCOLLO, THOMAS WOODS, MICHAEL SMYTH, JODI BROWN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On September 21, 2015, at approximately 5:00 p.m., plaintiff was lawfully present and seated on a bench near 350 East 143rd Street, when he was unlawfully detained and arrested by, or in the presence of, defendants UNDERCOVER OFFICER UC 0114, JOHN SCOLLO, THOMAS WOODS, MICHAEL SMYTH, and JODI BROWN.

13.     On the aforesaid date and time, plaintiff was approached by officers, one of whom grabbed plaintiff by the shirt and pushed plaintiff up against a nearby wall.

14.     Plaintiff was held against the wall and then placed plaintiff in over tight handcuffs and imprisoned in a police vehicle, despite the fact that plaintiff had committed no crimes or offenses, and that the defendant officers lacked probable cause to arrest him.

15.     Plaintiff was thereafter transported to the 40th Police Precinct and imprisoned therein.

16.     While imprisoned at the precinct, plaintiff was subjected to a humiliating and unlawful strip search in a bathroom located therein, during which plaintiff was compelled to lower his pants around his ankles.

17.     The defendant officers continued to imprison plaintiff until approximately 6:00 p.m. on September 22, 2015, when plaintiff was arraigned in Bronx Supreme Court – Criminal Term, on baseless charges filed under docket numbers 2015BX045127 and 2015BX045129; said charges having been filed based on the false allegations of the defendant officers, which were

3

sworn to by defendant JODI BROWN.

18.    The defendant officers initiated said prosecution with malice.

19.    Defendants UNDERCOVER OFFICER UC 0114, JOHN SCOLLO, THOMAS WOODS, MICHAEL SMYTH, and JODI BROWN created and manufactured false evidence which defendant JODI BROWN conveyed to the Bronx County District Attorney's office which used same against plaintiff in the aforementioned legal proceeding.  Specifically, defendant JODI BROWN swore to false allegations that defendant UNDERCOVER OFFICER UC 0114 had purchased marijuana from plaintiff, that plaintiff had participated in selling UNDERCOVER OFFICER UC 0114 "molly", and that plaintiff had been found in possession of pre-recorded buy money.

20.    These allegations are all false.

21.    As a result of the defendants' conduct, plaintiff was compelled to return to court on two occasions to face the false charges lodged against him under docket numbers 2015BX045127, until on December 22, 2015, when the Bronx County District Attorney's Office moved to dismiss all charges against plaintiff.

22.    As a result of the defendants' conduct, plaintiff was compelled to return to court on three occasions to face the false charges lodged against him under docket numbers 2015BX045129, until on March 23, 2016, when the Bronx County District Attorney's Office moved to dismiss all charges lodged under this docket against plaintiff.

23.    Defendants UNDERCOVER OFFICER UC 0114, JOHN SCOLLO, THOMAS WOODS, MICHAEL SMYTH, JODI BROWN, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the

4

aforementioned misconduct.

24.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of narcotics divisions of the NYPD of falsely arresting individuals and falsifying evidence in support of said arrests.

25.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of said arrests.  *See  e.g.*  http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-people-meet-arrest-quotas-detective-testifies-article-1.963021.

26.     Moreover, in another civil rights action filed in this Circuit involving false allegations by NYPD narcotics officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

27.     Defendant CITY OF NEW YORK was also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

28.     For example, the CITY OF NEW YORK is aware through the litigation and settlement of multiple cases that the defendants sued herein have been sued on previous occasions for engaging in false narcotics related arrests.

29.     Despite notice of the foregoing custom and practices of NYPD narcotics officers and of the lack of training of said officers, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiff REGINALD LEWIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     As a result of the foregoing, plaintiff REGINALD LEWIS sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

6

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named
Defendant Officers)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendant officers arrested plaintiff REGINALD LEWIS without probable cause,

causing him to be detained against his will for an extended period of time and subjected to

physical restraints.

37.     Defendant officers caused plaintiff REGINALD LEWIS to be falsely arrested and

unlawfully imprisoned.

38.     As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Unlawful Strip Search under 42 U.S.C. §1983 against the Individually Named Defendant
Officers)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants strip searched plaintiff in the absence of reasonable individualized

suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

41.     Defendants thereby caused plaintiff REGINALD LEWIS to be deprived of his

right to be free from unlawful strip searches.

42.     As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

43.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.   Defendants initiated, commenced and continued two malicious prosecutions against plaintiff REGINALD LEWIS.

45.   Defendants caused plaintiff REGINALD LEWIS to be prosecuted without any probable cause until all of the charges were dismissed on or about December 22, 2015 and March 23, 2016.

46.   As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

47.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.   Defendant officers created false evidence against plaintiff REGINALD LEWIS.

49.   Defendant JODI BROWN conveyed this false evidence to the Bronx County District Attorney which utilized said evidence against plaintiff REGINALD LEWIS in legal

proceedings.

50.     As a result of defendants' creation and use of false evidence, which defendant JODI BROWN conveyed to the Richmond County District Attorney's Office plaintiff REGINALD LEWIS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

51.     As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants had an affirmative duty to intervene on behalf of plaintiff REGINALD LEWIS, whose constitutional rights were being violated in their presence by other officers.

54.     The defendants failed to intervene to prevent the unlawful conduct described herein.

55.     As a result of the foregoing, plaintiff REGINALD LEWIS was falsely arrested, he was denied his right to a fair trial, and maliciously prosecuted.

56.     As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

9

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against the Individually Named Defendant
Officers with Supervisory Rank or Authority)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     The supervisory defendants personally caused plaintiff's constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly

supervise and train their subordinate employees.

59.     As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of

the City of New York Police Department included, but were not limited to, unlawfully arresting

individuals and then manufacturing evidence and otherwise engaging in falsification to justify

said arrests or for other improper objectives, including maximizing overtime compensation,

thereby depriving individuals of their right to a fair trial.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff REGINALD LEWIS'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff REGINALD LEWIS.

64.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff REGINALD LEWIS as alleged herein.

65.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff REGINALD LEWIS as alleged herein.

66.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff REGINALD LEWIS was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

67.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff REGINALD LEWIS'S constitutional rights.

68.     All of the foregoing acts by defendants deprived plaintiff REGINALD LEWIS of federally protected rights, including, but not limited to, the right:

> A.     To be free from false arrest/unlawful imprisonment;
>
> B.     To be free from malicious prosecution;
>
> C.     To receive a fair trial; and
>
> E.     To be free from the failure to intervene.

69.     As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

72.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

73.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

74.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

75.     This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York against Defendant Officers and City of New York)

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff REGINALD LEWIS.

78.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

79.     Defendants caused plaintiff REGINALD LEWIS to be prosecuted without probable cause until the charges were dismissed on or about March 23, 2016.

80.     As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff REGINALD LEWIS.

83.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of

reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

84.    As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

85.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

87.    As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York against the Individually Named Defendant Officers and the City of New York)

88.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    Plaintiff's injuries herein were caused by the carelessness, recklessness and

negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

90.     Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*

91.     As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

94.     As a result of the foregoing, plaintiff REGINALD LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff REGINALD LEWIS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       June 21, 2017

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff REGINALD LEWIS
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:      s/ Brett Klein
         BRETT H. KLEIN (BK4744)

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

REGINALD LEWIS,

                                        Plaintiff,

          -against-

CITY OF NEW YORK, UNDERCOVER OFFICER
UC 0114, Individually, JOHN SCOLLO, Individually,
THOMAS WOODS, Individually, MICHAEL SMYTH,
Individually, JODI BROWN, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are
presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132